**Affirmed and Opinion Filed May 14, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00098-CV**

**AL M. WILLIAMS, Appellant**
**V.**
**ECOM/WILLMAX BELLAGIO, L.P. D/B/A LADERA, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17458**

## MEMORANDUM OPINION

Before Justices Nowell, Kennedy, and Miskel
Opinion by Justice Emily Miskel

Appellant Al M. Williams appeals pro se from a final judgment in a landlord/tenant dispute that was based on a settlement agreement he contends he repudiated before the trial court rendered and signed its final judgment. Williams presents a half-page, single-spaced "Simplest Appellant Brief Ever" but omits required content for an appellant's brief including, without limitation, a list of issues presented, any discussion of the facts of the case with citations to the record, and any legal reasoning applying the law to the facts of record in this case. TEX. R. APP. P. 38.1

By letter dated July 28, 2022, the Clerk of the Fifth District Court of Appeals apprised Appellant Williams and the parties in the above-captioned appeal that Williams' Appellant's Brief, filed July 25, 2022, was not in compliance with the Texas Rules of Appellate Procedure and would need to be amended. The Clerk's July 28, 2022, letter states:

> The appellant's brief filed in the above referenced cause does not satisfy the requirements of Rule 38 of the Texas Rules of Appellate Procedure. Specifically, the brief is deficient as follows:
>
> __X__ It does not contain a complete list of all parties to the trial courts' judgment or appealable order with the names and addresses of all trial and appellate counsel. TEX. R. APP. P. 38.1(a).
>
> __X__ It does not contain a table of contents with references to the pages of the brief. TEX. R. APP. P. 38.1(b).
>
> __X__ The table of contents does not indicate the subject matter of each issue or point, or group of issues or points. TEX. R. APP. P. 38.1(b).
>
> __X__ It does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited. TEX. R. APP. P. 38.1(c).
>
> __X__ It does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(d).
>
> __X__ It does not concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f).
>
> __X__ It does not contain a concise statement of the facts supported by record references. TEX. R. APP. P. 38.1(g).
>
> __X__ It does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. TEX. R. APP. P. 38.1(h).
>
> _____The argument does not contain appropriate citations to authorities. TEX R. APP. P. 38.1(i).

\_\_X\_\_The argument does not contain appropriate citations to the record. TEX. R. APP. P. 38.1(i).

\_\_X\_\_It does not contain a short conclusion that clearly states the nature of the relief sought. TEX. R. APP. P. 38.1(j).

\_\_X\_\_Text of brief is not double spaced. TEX. R. APP. P. 9.4(d).

\_\_\_\_\_Text of brief is not proper size. TEX. R. APP. P. 9.4(e).

\_\_X\_\_It does not contain a proper certificate of compliance. TEX. R. APP. P. 9.4(i)(3).

\_\_X\_\_It does not contain a proper certificate of service. TEX. R. APP. P. 9.5(e)(2)(3).

\_\_\_\_\_Documents in appendix must be redacted to remove name of child. TEX. R. APP. P. 9.8(b).

\_\_\_\_\_Documents in appendix must be redacted to remove name of parent. TEX. R. APP. P. 9.8(b).

\_\_\_\_\_Documents contain sensitive data. TEX. R. APP. P. 9.9 or 9.10.

\_\_X\_\_One or more of the following is omitted from the appendix. Tex. R. App. P. 38.1(k).

\_\_X\_\_The trial court's judgment. Tex. R. App. P. 38.1(k)(1)(A).

\_\_X\_\_The jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any. Tex. R. App. P. 38.1(k)(1)(B).

\_\_\_\_\_The text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based. Tex. R. App. P. 38.1(k)(1)(C).

\_\_\_\_\_The text of any contract or other document that is central to the argument. Tex. R. App. P. 38.1(k)(1)(C).

Failure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court. See Tex. R. App. P. 38.8(a)(1), 42.3(b),(c)

Five times, the Court granted Appellant Williams' requests for extensions of time to file an amended brief that would comply with the rules. The last extended deadline was April 3, 2023. However, Williams has never filed an amended Appellant's Brief. This Court's order of March 3, 2023, granting the fifth deadline extension to April 3, 2023, stated "We caution appellant that **no further extension will be granted** and failure to file an amended brief on or before April 3, 2023 will result in an order that the appeal be submitted on appellant's brief filed on July 25." (emphasis in original). When Williams requested a sixth extension, it was denied, and this court ordered the appeal submitted on his original brief.

An appellant's brief must concisely state all issues presented for review and must contain a clear, concise argument for the contentions made, with appropriate citations to authorities and to the record. *In re S.V.*, 599 S.W.3d 25, 41 (Tex. App.—Dallas 2017, pet. denied). We may not make a party's argument for him. *Id*. "Bare assertions of error, without argument or authority, waive any error." *Id.*

In appellant's reply brief, he attempts to address at least some of the deficiencies in his opening appellant's brief and to raise new issues and arguments. However, the rules do not permit this approach. An appellant's reply brief is limited to responding to the appellee's issues, arguments and authorities. TEX. R. APP. P. 38.3 (an appellant "may file a reply brief addressing any matter in the appellee's brief."). An appellant's newly-raised issues asserted for the first time in his reply brief are ordinarily deemed waived and not properly before the reviewing court for

determination. *Stovall & Assoc., P.C. v. Hibbs Finan. Ctr., Ltd.*, 409 S.W.3d 790, 803 (Tex. App.—Dallas 2013, no pet.); *Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 877–78 (Tex. App.—Dallas 2012, pet. denied) ("A reply brief may not be used to raise new issues."); *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) ("The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief.").

Because Williams' briefing is inadequate, the appellate rules prevent us from considering the substance of his case. We therefore affirm the trial court's judgment. It is ordered that all parties are responsible for their respective costs in this appeal.

/Emily Miskel/
EMILY MISKEL
220098F.P05                                         JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AL M. WILLIAMS, Appellant

No. 05-22-00098-CV     V.

ECON/WILLMAX BELLAGIO,
L.P. D/B/A LADERA, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17458.
Opinion delivered by Justice Miskel.
Justices Nowell and Kennedy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 14th day of May 2024.